1  Mark A. Maasch (CSB#120637)
   TURNER & MAASCH, INC.
2  550 West C Street, Suite 1150
   San Diego, California 92101
3  Telephone (619) 237-1212
   Facsimile (619) 237-0325
4

FILED

'08 SEP 12 PM 12: 16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

5  Attorneys for Plaintiff, Kim Wickman, Individually and on Behalf of All
   Others Similarly Situated
6

7  Of Counsel:

8  Ben Barnow
   BARNOW AND ASSOCIATES, P.C
9  One North LaSalle Street, Suite 4600
   Chicago, Illinois 60602
10 Telephone (312) 621-2000
   Facsimile (312) 641-5504
11

12                 UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
13

14 Kim Wickman, Individually and on Behalf of All   )   Case No.:
   Others Similarly Situated,                        )
15                                                    )   **CLASS ACTION COMPLAINT**
                    Plaintiff,                        )
16      vs.                                           )   '08 CV 1668 DMS CAB
                                                      )   **Jury Trial Demanded**
17 COUNTRYWIDE FINANCIAL                              )
   CORPORATION, a Delaware corporation;              )
18 BANK OF AMERICA CORPORATION, a                     )
   Delaware corporation; COUNTRYWIDE                 )
19 BANK, FSB, a Virginia corporation; and            )
   COUNTRYWIDE HOME LOANS, INC., a                    )
20 Delaware corporation,                             )
                                                      )
21                                                    )
                    Defendants                        )
22

23      The plaintiff, Kim Wickman ("Wickman" or "Plaintiff"), individually and on behalf of all

24 others similarly situated, hereby alleges as follows:

25                        <u>**NATURE OF CLAIM**</u>

26      1.  This is a consumer class action lawsuit brought on behalf of Plaintiff, individually

27 and on behalf of persons throughout California whose identities were intentionally and illegally

28 sold by an employee of the Defendants in violation of the Fair Credit Reporting Act, 15 U.S.C. §

1984.01\b\01                        1

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1681 *et seq.* ("FCRA"). Defendants deliberately and/or recklessly did not maintain reasonable procedures designed to limit the furnishing of Private Information for the permissible purposes outlined under the FCRA. As a result of Defendants deliberate and/or reckless violations of the FCRA, their high-level employee obtained Plaintiff's and Class members' Private Information, as defined herein, which was sold to third parties without the consent of Plaintiff or the members of the Class and for no permissible purpose under the FCRA.

2.    Defendants' actions constitute violations of the FCRA, as well as California's constitutional right of privacy, common law negligence, breach of contract, and California Business and Professions Code § 17200 *et seq.*

3.    Plaintiff seeks damages suffered as a result of Defendants' practices, including but not limited to statutory damages, compensatory damages, as well as injunctive relief.

## PARTIES AND JURISDICTION

4.    Plaintiff Kim Wickman is an individual and a citizen and resident of Temecula, California.

5.    Defendant COUNTRYWIDE FINANCIAL CORPORATION ("Countrywide Financial") is a corporation incorporated under the laws of the State of Delaware with its principle place of business located in California. At all times relevant to this complaint, Countrywide Financial transacted business throughout the State of California and in this District.

6.    Defendant COUNTRYWIDE HOME LOANS, INC. ("Countrywide Home") is a corporation organized under the laws of the State of New York. At all times relevant to this Complaint, Countrywide Home transacted business in the State of California and in this District.

7.    Defendant COUNTRYWIDE BANK FSB ("Countrywide Bank") is a subsidiary of Countrywide Financial and is a Virginia corporation, with its principle place of business in California. At all times relevant to this Complaint, Countrywide Bank transacted business in the State of California and in this District. Plaintiff is informed and believes that FULL SPECTRUM LENDING ("Full Spectrum") was at one time a separate corporation which merged with Countrywide Home in or about 2004, thus becoming a division of Countrywide Bank. At all times relevant to this Complaint, Full Spectrum transacted business in the State of California and in this District.

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

8.   Defendant BANK OF AMERICA CORPORATION ("Bank of America") is a corporation organized under the laws of the State of Delaware with its principle place of business in North Carolina.  At all times relevant to this Complaint, Bank of America transacted business in the State of California and in this District.

9.   Defendant Bank of America purchased Country Financial and Countrywide Home. Plaintiff is informed and believes that, as a result of that purchase, Countrywide Financial, Countrywide Bank and Countrywide Home have merged with, or become subsidiaries of, Bank of America.  Countrywide Financial, Countrywide Bank and Countrywide Home continue to operate under those names and are sometimes collectively referred to herein as "Countrywide."

10.   This Court has jurisdiction over the federal claim alleged herein pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367.  Further, this Court also has subject matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and some members of the Class are citizens of states different than Defendants.  *See* 28 U.S.C. § 1332(d)(2)(A).  This Court has personal jurisdiction over Defendants because they own and operate a business that is located within California and conduct substantial business throughout California.

11.   Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b) because, Plaintiff is informed and believes, a substantial part of the acts giving rise to the claims occurred in this District and a substantial number of the victims whose property was stolen reside in this district, and the Defendants are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

12.   Countrywide is a consumer loan company doing business in the United States.

13.   Countrywide provides home loan servicing to consumers and does business throughout the United States.  On its website, Countrywide touts itself as "America's #1 Home Loan Lender" that "has helped millions of families find ways to accomplish their home ownership needs: whether buying a first home or refinancing their current loan."

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

Class Action Complaint

14. Countrywide maintains a large computer system that stores names, social security numbers, home and/or office addresses, telephone numbers, credit and bank account information, and other financial information ("Private Information") for millions of individuals who either received or applied for a loan from Countrywide or had existing lonas purchased or serviced by Countrywide.

15. Plaintiff Kim Wickman is a current customer of Countrywide whose mortgage loan for her residence was acquired by Countrywide in or about August 2005. Her mortgage account information included Private Information, such as her name, home and work addresses, telephone numbers, social security number, and other personal and financial data. This data is stored on Countrywide's computer system.

16. Countrywide obtains its customers' Private Information from opening accounts for such customers and taking applications for home loans or other products, or by acquiring existing home loans from other entities.

17. On or about August 1, 2008, the FBI announced that a former high-level employee of Defendants was arrested for stealing and selling Defendants' customers' Private Information, including full social security numbers, to third parties.

18. Following an extensive investigation by the FBI, it was discovered that Rene L. Rebolla, Jr., a senior level financial advisor, was stealing and unlawfully selling Defendants' customers' Private Information to third parties.

19. According to authorities, Rebolla worked in Defendants' subprime mortgage division and every weekend for the last two years downloaded the Private Information of 20,000 customers on to a flash drive. The information was then unlawfully sold to Wahid Siddiqi ("Siddiqi") who sold the Private Information to other companies.

20. Many companies that handle sensitive data have systems that enforce encryption rules and prevent most workers from copying sensitive data.

21. Additional measures could have been taken by Defendants to prevent an incident like this. According to Pat Clawson, chairman and CEO of Lumension Security, such incidents could be avoided if companies had policies that require any device that touches the network, whether it be

Law Offices
TURNER & MASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1984.01\b\01

4

1   a laptop or a handheld, be checked through a scanning process before they are allowed to access the

2   network.[1] Clearly, that did not happen here.

3       22.   Defendants negligently failed to install reasonable security measures in a computer

4   containing customers' Private Information.  Such security measures prevent the downloading of

5   Private Information to portable devices.  Rebollo discovered this security lapse and used a thumb

6   drive to download and compromise Plaintiff's and the Class' Private Information.  Plaintiff is

7   informed and believes that Defendants employed security measures to protect against the

8   unauthorized download of Private Information to portable devices on other computers containing

9   Plaintiff's and the Class' Private Information, but not on the system accessed by Rebollo.

10      23.   Defendants failed to provide timely notice of the breach of their computerized data

11  systems and theft of Plaintiff's and the Class members' Private Information to Plaintiff and the

12  Class.

13      24.   Upon information and belief, Plaintiff and Class members' personal and financial

14  information were illegally sold to third parties.

15      25.   Plaintiff is informed and believes that approximately two million consumers had

16  their personal and financial information sold to third parties without Plaintiff's or Class members'

17  permission and without any permissible purpose under the law.

18      26.   An agent of Countrywide improperly and illegally sold Plaintiff's private, nonpublic

19  personal and financial information to a third party.

20      27.   Plaintiff, at no time, agreed to allow Countrywide to disseminate her personal and

21  financial information to third parties.

22      28.   Plaintiff, at no time, authorized any employee of Countrywide to access her private

23  information to sell, broker, or otherwise disseminate her identity to third parties.

24      29.   The personal and financial information that was improperly disseminated has an

25

26  [1] *See* "Security Oversight May Have Enabled Countrywide Breach: FBI affidavits offer more
insight into how a man stole customer data from Countrywide", Nancy Gohring, IDG News Service
27  PC World, Tuesday, August 5, 2008: 12:19 AM, *available at* http://www.washingtonpost.com/wp-
dyn/content/article/2008/08/04/AR2008080401886.html.
28

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

Class Action Complaint

independent, discernable market value, as similar financial information is frequently bought and sold.

## COUNTRYWIDE'S PRIVACY POLICY

30.     Defendants have represented to Plaintiff and the Class that they understand the value in protecting Private Information.[2]  Defendants promised to "safeguard" their customer's data by:

- setting policies and procedures for carefully handling your information;
- limiting employee access to private information;
- protecting against unauthorized access to customer data using data encryption, authentication, and virus detection technology;
- requiring service providers who do business with us to comply with privacy laws;
- auditing company security practices;
- monitoring our websites through recognized online privacy and security organizations such as Cybertrust Corporation; and
- conducting background checks on all employees and providing privacy training.

31.     Further, the Full Spectrum website provides the following response to the question "[i]s my personal information secure?" on its "Frequently Asked Questions" page:

> At Countrywide Bank's Full Spectrum Lending Division we maintain stringent security standards to ensure that your private data remains safe. We use advanced data encryption and storage technology to protect your sensitive personal information, and we are proud members of recognized online privacy and security organizations such as TruSecure® Corporation, and VeriSign™, Inc.[3]

[2] *See* Countrywide Privacy Policy, *available at* http://my.countrywide.com/Privacy.aspx

[3] *See* Countrywide Full Spectrum Lending Division's Frequently Asked Questions, *available at* http://www.fullspectrumlending.com/toolsfaqs/faqs.aspx.

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101 - 3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1984.01\b\01

6

32.   Defendants failed to follow the security measures outlined in the above-mentioned Countrywide privacy policy in failing to detect a security breach whereby one of its employees stole and sold over 2 million customers' and mortgage applicants' Private Information without detection for a period of at least two years.

## STANDARD BUSINESS PRACTICES FOR ENSURING INFORMATION SAFETY

33.   Federal and state legislatures have passed a number of laws in recent years to ensure that companies protect the security of sensitive personal information in the company's files.  These laws include requirements for the handling of personal information by financial institutions[4] and also impose proactive obligations on companies to maintain reasonable security measures to protect the personal information of individuals.

34.   The Federal Trade Commission ("FTC") has issued a publication entitled "Protecting Personal Information: A Guide for Business"[5] ("FTC Report").  In this publication, the FTC provides guidelines for businesses on how to develop a "sound data security plan" to protect against crimes of identity theft.  To protect the personal private information in their files, the FTC Report instructs businesses to follow the following guidelines:

a.   Understand the vulnerabilities of your computer system and follow the advice of experts in the field;

b.   Keep an inventory of all computers and laptops where the company stores sensitive data;

c.   Use social security numbers only for required and lawful purposes and do not store these numbers unnecessarily, such as for an employee or customer identification number;

---

[4] The Gramm-Leach-Bliley Act, enacted on November 12, 1999, requires the FTC and other government agencies that regulate financial institutions to implement regulations to carry out the Act's financial privacy provisions.  The regulations required all covered businesses to comply with the Act by July 1, 2001.

[5] *See* http://www.ftc.gov/bcp/edu/pubs/business/ privacy/bus69.pdf

Class Action Complaint

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

d.   Encrypt the personal information particularly if the private information is shipped to outside carriers or contractors.  In addition, the business should keep an inventory of all the information it ships;

e.   Do not store sensitive computer data on any computer with an Internet connection unless it is essential for conducting the business;

f.   Use an intrusion detection system for detecting network breaches that is updated frequently to address new types of computer hacking;

g.   Maintain a central log file of security-related information to monitor activity on the network so as to spot and respond to attacks;

h.   Monitor outgoing traffic for signs of a data breach, watching for unexpectedly large amounts of data being transmitted from your system to an unknown user;

i.   If large amounts of information are being transmitted from the network, investigate to make sure the transmission is authorized;

j.   Have in place and implement a breach response plan;

k.   Check references or do background checks before hiring employees who will have access to sensitive data;

l.   Regularly remind employees of your company's confidentiality and security standards for handling sensitive data to keep customer information secure and confidential;

m.   Know which employees have access to consumers' sensitive personally identifying information, paying particular attention to data like Social Security numbers and account numbers; and

n.   Have a procedure in place for making sure that workers who leave your employ or transfer to another part of the company no longer have access to private information, terminating their passwords, and collecting keys and identification cards as a part of the check-out routine.

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101- 3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

35. The California Department of Consumer Affairs Office of Privacy Protection published a similar set of guidelines in February 2007 entitled "Recommendation Practices on Notice of Security Breach Involving Personal Information.[6]

## CONSEQUENCES OF SECURITY BREACH

36.   As defined in the Fair and Accurate Credit Transactions Act of 2003, Pub. L. 108- 159, Dec. 4, 2003 (FACTA) "identity theft" is a fraud that is committed or attempted, using a person's identifying information without authority.  Generally, identity theft occurs when a person's identifying information is used to commit fraud or other crimes.  These crimes include credit card fraud, phone or utilities fraud, bank fraud, and government fraud.  The Federal Trade Commission ("FTC") has stated that identity theft has been a serious problem in recent years, with approximately 9 million Americans as the victims of identity theft each year.[7]

37.   As the United States Government Accountability Office noted in a June 2007 report on Data Breaches ("GAO Report"), more than 570 breaches involving theft of personal identifiers such as social security numbers were reported by the news media from January 2005 through January 2006.[8]  As the GAO Report states, these data breaches involve the "unauthorized or unintentional exposure, disclosure, or loss of sensitive personal information, which can include personally identifiable information such as Social Security numbers (SSN) or financial information such as credit card numbers."

38.   The GAO Report stated that identity thieves can use identifying data such as social security numbers to open financial accounts and incur charges and credit in a person's name.  As the GAO has stated, this type of identity theft is the "most damaging" because it may take some time for the victim to become aware of the theft and can cause significant harm to the victim's credit rating.

---

[6] *See* http://www.dhcs.ca.gov/formsandpubs/laws/priv/Documents/PrivacyProtection.pdf

[7] *See* "About Identity Theft," in FTC Publication, Fighting Back Against Identity Theft, *available at* http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html

[8] *See* http://www.gao.gov/new.items/d07737.pdf

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

39.   In addition, the GAO states that victims of identity theft face "substantial costs and inconvenience repairing damage to their credit records," as well the damage to their "good name."

40.   According to the Federal Trade Commission (FTC), nine million Americans have their identities stolen each year.[9]   Identity theft victims must spend countless hours and money repairing damage to their good name and credit record.   Identity thieves use stolen personal information such as social security numbers for a variety of crimes, including credit card fraud, phone or utilities fraud, and bank/finance fraud.  In addition, a person whose personal information has been compromised may not see any signs of identity theft for years.  According to the United States Government Accountability Office, which conducted a comprehensive and extensive study of data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be
> held for up to a year or more before being used to commit identity theft.
> Further, once stolen data have been sold or posted on the Web, fraudulent
> use of that information may continue for years.  As a result, studies that
> attempt to measure the harm resulting from data breaches cannot necessarily
> rule out all future harm.[10]

41.   Identity theft crimes often include more than just crimes of financial loss.  Identity thieves also commit various types of government fraud, such as: obtaining a driver's license or official identification card in the victim's name but with their picture; using the victim's name and social security number to obtain government benefits; or filing a fraudulent tax return using the victim's information.  In addition, identity thieves may obtain a job using the victim's Social Security Number, rent a house or get medical services in the victim's name, and may even give the victim's personal information to police during an arrest resulting in an arrest warrant being issued in the victim's name.

---

[9]   *See* FTC Identity Theft Site, http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html

[10]   *See* http://www.gao.gov/new.items/d07737.pdf (last visited September 9, 2008).

Class Action Complaint

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1550
San Diego, California 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

42.  The unauthorized disclosure of a person's social security number can be particularly damaging since social security numbers cannot be easily replaced like a credit card.  In order to obtain a new social security number, a person must show evidence that someone is using the number fraudulently or is being disadvantaged by the misuse.[11]  Thus, a person whose personal information has been stolen cannot obtain a new social security number until the damage has already been done.  Furthermore, obtaining a new social security number is not an absolute prevention against identity theft.  Governmental agencies, private businesses, and credit reporting businesses likely still have the person's records under the old number, and using a new number will not guarantee a fresh start.  For some victims of identity theft, a new number may actually create new problems.   Because prior positive credit information is not associated with the new social security number, it is more difficult to obtain credit due to the absence of a credit history.

43.  Thus, Plaintiff and the Class now face years of constant surveillance, monitoring and loss of rights, not to determine whether they will become an identity theft victim, because they already are, but to prevent further loss and damage.

## CLASS ACTION ALLEGATIONS

44.  This action is brought on behalf of Plaintiff, individually and as a class action, on behalf of all persons within the State of California whose Consumer Reports, as defined by 15 U.S.C. § 1681a(d)(1), were sold by Defendants as part of the impermissible dissemination without the consent of consumers and/or without a permissible purpose under the FCRA ("the Class").  The Class does not include Defendants, or their officers, directors, agents, or employees.

45.  The Class is composed of thousands of consumers, the joinder of whom in one action is impracticable.  Disposition of the claims in a class action will provide substantial benefits to both the parties and the Court.

46.  The rights of each member of the Class were violated in a similar fashion based upon Defendants' uniform actions.

---

[11]  Identity Theft and Your Social Security Number, SSA Publication No. 05-10064, October 2007, ICN 46327.  *See* http://www.ssa.gov/pubs/10064.html.

Class Action Complaint

47. Questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

    a.   whether Defendants' employee sold Consumer Reports within the meaning of 15 U.S.C. § 1681a(d)(1) without Plaintiff's and Class members' authorization;

    b.   whether Defendants' agent had a permissible purpose under the FCRA to sell Consumer Reports within the meaning of 15 U.S.C. § 1681a(d)(1);

    c.   whether Defendants are a consumer reporting agency as defined by 15 U.S.C. § 1681a(f);

    d.   whether Defendants violated the FCRA by failing to properly maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlined under the FCRA;

    e.   whether Defendants violated the FCRA when they allowed their employees access to Plaintiff and Class members' Consumer Reports;

    f.   whether Defendants violated the FCRA when their employee sold Consumer Reports to third parties in violation of the FCRA;

    g.   whether Defendants' conduct was intentional;

    h.   whether Defendants' conduct was reckless;

    i.   whether Defendants' conduct constitutes an unfair and or deceptive trade practice;

    j.   whether Defendants were negligent in collecting and storing personal and financial information of their customers;

    k.   whether Defendants took reasonable measures to safeguard the personal and financial information of their customers:

    l.   whether Defendants owed a duty to Plaintiff and/or the Class to protect the personal and financial information of Defendants' customers;

    m.   whether Defendants breached their duty to exercise reasonable care n storing their customers' personal and financial information by storing that information on their computer systems and in their physical possession;

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101- 3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

Class Action Complaint

n.   whether Defendants breached a duty by failing to keep Plaintiff and Class members' personal and financial information secure;

o.   whether Defendants were negligent in failing to keep Plaintiff and Class members' personal and financial information secure;

p.   whether Plaintiff and members of the Class have sustained damages, and if so, what is the proper measure of those damages;

q.   whether statutory damages are proper in this matter;

r.   whether injunctive relief is appropriate in this matter; and

s.   whether Defendants failed to properly give notice to Plaintiff and the Class.

48.   Plaintiff will fairly and adequately represent and protect the interests of the Class in that she has no interest that is antagonistic to or that irreconcilably conflicts with those of other members of the Class.

49.   Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation and adjudication of Plaintiff and the Class members' claims. Plaintiff and the members of the Class have suffered irreparable harm as a result of Defendants' deceptive, negligent, and unlawful conduct. The damages suffered by individual Class members may be relatively small, and thus few, if any individual Class members can afford to seek legal redress on an individual basis for the wrong complained of herein. Absent a class action, Plaintiff and members of the Class will continue to suffer losses as a result of Defendants' unlawful and negligent conduct.

## COUNT 1

## INTENTIONAL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

50.   Plaintiff realleges paragraphs 1 through 49 as if fully set forth herein.

51.   This is a claim for violation of the Fair Credit Reporting Act ("FCRA").

52.   The FCRA was created to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to

Class Action Complaint

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1  the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

2  utilization of such information." *See* 15 U.S.C. § 1681 *et seq.*

3      53.   Under the FCRA, a "consumer report" means any written, oral, or other

4  communication of any information by a consumer reporting agency bearing on a consumer's

5  credit worthiness, credit standing, credit capacity, character, general reputation, personal

6  characteristics, or mode of living which is used or expected to be used or collected in whole or in

7  part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or

8  insurance to be used primarily for personal, family, or household purposes; employment

9  purposes; or any other purpose authorized under 15 U.S.C. § 1681 (b). *See* 15 U.S.C. § 1681a(d)(1).

10     54.   Further, a "consumer reporting agency" means any person which, for monetary fees,

11 dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice

12 of assembling or evaluating consumer credit information or other information on consumers for

13 the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility

14 of interstate commerce for the purpose of preparing or furnishing Consumer Reports. 15 U.S.C. §

15 1681a(f).

16     55.   Plaintiff and the other Class members are "consumers" or "persons," as defined and

17 construed under the FCRA. *See* 15 §§ 1681a(b)&(c).

18     56.   Defendants are Consumer Reporting Agencies as defined under the FCRA because

19 they, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in

20 part in the practice of assembling or evaluating consumer credit information or other

21 information on consumers for the purpose of furnishing personal, nonpublic information of their

22 customers to third parties, and use interstate commerce for the purpose of preparing or furnishing

23 Consumer Reports.

24     57.   Defendants maintain Consumer Reports of their customers as defined under the

25 FCRA, because they are written, oral, or other communications of information which bear on a

26 consumer's credit worthiness, credit standing, credit capacity, character, general reputation,

27 personal characteristics, or mode of living which is used or expected to be used or collected in

28 whole or n part for the purpose of serving as a factor in establishing the consumer's eligibility

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1   for credit or insurance to be used primarily for personal, family, or household purposes;

2   employment purposes; or any other purpose authorized under section 15 U.S.C. §1681(b).

3      58.   The consumer information sold by Defendants' employee amounted to Consumer

4   Reports as defined under the FCRA.

5      59.   As a Consumer Reporting Agency, Defendants are required to maintain

6   reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible

7   purposes outlined under the FCRA. *See* 15 U.S.C. § 1681e.

8      60.   In conscious disregard for the rights of Plaintiff and the class, Defendants

9   deliberately and/or recklessly did not maintain reasonable procedures designed to limit the

10   furnishing of Consumer Reports to the permissible purposes outlined under the FCRA,

11   specifically 15 U.S.C. § 1681e.

12      61.   As enumerated above, the Defendants' reckless conduct allowed their high-level

13   employee to obtain the subject Consumer Reports and sell them to thirdparties without Plaintiff's

14   or Class members' consent and for no permissible purpose under the FCRA.

15      62.   Further, Defendants are responsible for their employee's actions as an agent of the

16   Defendants.

17      63.   Defendants' conduct violated the FCRA and Plaintiff and Class members have been

18   damaged by Defendants' reckless actions. At all times material, Defendants had or should have

19   had full knowledge of their employee's conduct.

20      64.   As a result of Defendants' conduct, Plaintiff and Class members are entitled to

21   actual damages sustained or statutory damages of not less than $100 and not more than $1,000, as

22   well as the costs and attorney's fees in bringing this action. *See* 15 U.S.C. § 1681n.

23                    **COUNT 2**

24   **NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

25      65.   Plaintiff incorporates the allegations of paragraphs 1 through 49 and 51

26   through 59 as if fully set forth herein.

27

28

Class Action Complaint

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1550
San Diego, California 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

66.   Defendants were negligent in failing to maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlined under the FCRA, specifically 15 U.S.C. § 1681e.

67.   As enumerated above, Defendants' negligent conduct allowed their high-level employee to obtain the subject Consumer Reports and sell them to third-parties without Plaintiff or Class members' consent and for no permissible purpose under the FCRA.

68.   Defendants are responsible for their employee's actions as an agent of the Defendants.

69.   Defendants' conduct violated the FCRA and Plaintiff and Class members have been damaged by Defendants' negligent actions. At all times material, Defendants had or should have had full knowledge of their employee's conduct.

70.   As a result of Defendants' conduct, Plaintiff and Class members are entitled to actual damages sustained or statutory damages of not less than $100 and not more than $1,000, as well as the costs and attorney's fees in bringing this action. *See* 15 U.S.C. § 1681n.

## COUNT 3

## NEGLIGENCE

71.   Plaintiff incorporates the allegations of Paragraphs 1 through 49 if fully set forth herein.

72.   Defendants came into possession of Plaintiff's and Class members' Private Information, and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised and/or stolen.

73.   Defendants had a duty to timely disclose that Plaintiff's and Class members' Private Information within their possession had been, or was reasonably believed to have been, compromised.

74.   Defendants had a duty to have procedures in place to detect and prevent the dissemination of Plaintiff's and Class members' Private Information by their employees. This breach of security and unauthorized access was reasonably foreseeable to Defendants.

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

75.   Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff and Class members by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class members' Private Information within Defendants' possession.

76.   Defendants, through their actions and/or omissions, breached their duty to Plaintiff and Class members by failing to have procedures in place to detect and prevent dissemination of Plaintiff , and Class members' Private Information by their employees. Defendants are responsible for their employees' actions.

77.   Defendants, through their actions and/or omissions, breached their duty to timely disclose the fact that Plaintiff's and Class members' Private Information within their possession had been, or was reasonably believed to have been, compromised.

78.   But for Defendants' negligent and wrongful breach of their duties owed to Plaintiff and Class members, Plaintiff's and Class members' Private Information would not have been compromised.

79.   Plaintiff's and Class members' Private Information was compromised, viewed, and/or stolen as the proximate result of Defendants failing to exercise reasonable care in safeguarding such information by adopting, implementing, or maintaining appropriate security measures to protect and safeguard Plaintiff's and Class members' Private Information within their possession.

80.   Plaintiff and Class members suffered actual damages including, but not limited to, expenses and time spent on credit monitoring and identity theft insurance, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

## COUNT 4

## BREACH OF IMPLIED CONTRACT

81.   Plaintiff incorporates the allegations of paragraphs 1 through 49 as if fully set forth herein.

82.    Defendants came into possession of Plaintiff's and the Class' Private Information and had an implied contract to protect such Private Information via Plaintiff and the Class' financial institution's privacy notices.

Law Offices
TURNER & MANSCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0225

83.     The implied contract required Defendants to not disclose Plaintiff's the Class' Private Information and to safeguard and protect the Private Information from being compromised and/or stolen.

84.     Defendants did not safeguard and protect Plaintiff's and the Class' Private Information from being compromised and/or stolen.  Indeed, Defendants disclosed this Private Information to the public.

85.     Because Defendants disclosed Plaintiff's and Class members' Private Information and failed to safeguard and protect Plaintiff's and the Class' Private Information from being compromised and/or stolen, Defendants' breached their contract with Plaintiff and the Class.

86.     Plaintiff and the Class suffered actual and foreseeable damages including, but not limited to: anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

## COUNT 5

## VIOLATION OF CONSTITUTIONAL RIGHT TO PRIVACY

87.     Plaintiff incorporates the allegations of Paragraphs 1 through 49 as if fully set forth herein.

88.     Fundamental to privacy is the ability to control circulation of personal information. The proliferation of business records over which individuals have no control limits their ability to control their personal lives. Thus, personal privacy is threatened by the information-gathering capabilities and activities of private business as well when these businesses fail to conform to adequately safeguard such information.

89.     Plaintiff and the Class have a legally protected privacy interest in their birthdates, social security numbers, property values, bank and credit card account numbers, and other personal information. In addition, Plaintiff and Class members have a reasonable expectation of privacy in this information. Defendants' invasion of this privacy interest is serious in that it puts Plaintiff and Class members at risk of identity theft and the potential for substantial costs and injury associated with various crimes of identity theft.

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

90.     Defendants and their employees made unauthorized intrusions into Plaintiff's and Class members' privacy by accessing, disclosing, disseminating and/or selling their Private Information without their knowledge, authorization or consent. This unauthorized disclosure and/or sale of such private facts and information is one that is highly offensive or objectionable to a reasonable person of ordinary sensibilities. Moreover, the disclosure of such private facts and information, as alleged herein, does not include information that is of a legitimate public concern.

91.     Defendants and their employees violated the rights of privacy of Plaintiff and Class members by acquiring, disclosing and/or selling their Private Information without their consent. Plaintiff's and Class members' Private Information has value, and Defendants' and their employees' unlawful use, disclosure and/or sale of that information, was made for their own benefit.

92.     By reason of the conduct alleged herein, and by failing to protect against the theft of personal information of Plaintiff and the Class, Defendants violated the Constitutional right of privacy of Plaintiff and the Class, and Plaintiff and Class members have been harmed as a result thereof.

93.     Plaintiff and Class members suffered and will continue to suffer actual damages, including but not limited to cost and loss of time for credit monitoring and identity theft insurance, anxiety, emotional distress, loss of privacy, and other economic and noneconomic harm.

## COUNT 6

## VIOLATION OF CAL. BUS. AND PROF. CODE §§ 17200 ET SEQ;

## CALIFORNIA UNFAIR COMPETITION LAW

94.     Plaintiff repeat and reallege the allegations contained in each of the paragraphs of this complaint as if fully set forth herein.

95.     The acts and practices engaged in by Defendants, and described herein, constitute unlawful and unfair practices in that: (a) Defendants' practices, as described herein, violated federal, state, statutory, regulatory, or industry standards as described herein, including, but not limited to, the Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq. and the Constitutional Right to Privacy; (b) the justification for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and Class members; and/or (c) Defendants' conduct is immoral, unethical, oppressive,

1984.01\b\01                                   19

1  unscrupulous or substantially injurious to Plaintiff and Class members. Such conduct violates

2  California Business & Professions Code sections 17200 et seq.

3      96.   The conduct alleged herein is a "business practice" within the meaning of Cal. Bus. and

4  Prof. Code §§ 17200 et seq.

5      97.   Plaintiff and all other Class members have suffered injury in fact and have lost property

6  in the form of their Private Information as a result of Defendant's unfair competition, as more fully

7  set forth herein.

8      98.   Defendants' unlawful and unfair business practices include, but are not limited to,

9  failing to provide reasonable security measures for Plaintiff's and Class members' Private

10  Information. Defendants' failure to adopt reasonable practices in protecting the Private Information

11  of Plaintiff and Class members has placed them at a higher risk of identity theft crimes.

12      99.   Defendants' failure to adequately protect Plaintiff's and Class members' Private

13  Information violates not only the unlawful prong of Cal. Bus. and Prof. Code §§ 17200 *et seq.,* but

14  also  constitutes an independent violation of the unfairness prong of section 17200, independent of

15  the other causes of action asserted herein.

16      100. The injury to Plaintiff and Class members caused by Defendants' failure to install,

17  adopt, and maintain reasonable security procedures to protect their Private Information is

18  substantial. As a result, the Private Information of Plaintiff and Class members have been

19  substantially compromised, placing them at a significant risk of being victims of identity theft

20  crimes and other harm.

21      101. Pursuant to California Business & Professions Code section 17203, Plaintiff and Class

22  members are therefore entitled to equitable relief, a permanent injunction enjoining Defendant from

23  its unlawful and unfair business activities and requiring Defendants to implement, adopt, and

24  maintain reasonable security procedures to protect Private Information, and appropriate declaratory

25  relief as described herein.

26                    **PRAYER FOR RELIEF**

27      WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated,

28  respectfully request that the Court enter an Order:

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

Class Action Complaint

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1   a.   Certifying the proposed nationwide Class herein under Federal Rule of Civil Procedure

2 23(a) and (b)(3) and appointing Plaintiff and Plaintiff's counsel of record to represent said Class;

3   b.   Finding that Defendants violated the FCRA due to their failure maintain reasonable

4 procedures designed to limit the furnishing of reports to the permissible purposes outlined under the

5 FCRA;

6   c.   Finding that Defendants were negligent in failing to safeguard and protect Plaintiff's

7 and Class members' Private Information stored on their computer systems and in their physical

8 possession;

9   d.   Finding that Defendants breached their contract to safeguard and protect Plaintiff's and

10 Class members' Private Information stored on their computer systems and in their physical

11 possession;

12   e.   Finding that Defendants violated Plaintiff's and Class members' constitutional right of

13 privacy.

14   f.   Finding that Defendants' violated the provisions of Cal. Bus. and Prof. Code §§ 17200

15 et seq., ;

16   g.   Finding that Defendants are responsible for their employees' actions as agents of

17 Defendants;

18   h.   Enjoining Defendants from action which places consumers at a risk of future security

19 breaches;

20   i.   Requiring Defendants to identify to Plaintiff and members of the Class to whom their

21 information was sold;

22   j.   Awarding injunctive relief, including but not limited to: (i) the provision of credit

23 monitoring and/or credit card monitoring services for the Class; (ii) the provision of identity theft

24 insurance for the Class; and (iii) the requirement that Defendants receive periodic compliance

25 audits by a third party regarding the security of its computer systems used for processing and

26 storing customer data;

27   k.   Requiring Defendants to pay actual damages sustained or statutory damages of not less

28 than $100 and not more than $1,000;

1984.01\b\01       21

1    l.    Awarding compensation to anyone who suffers damage as a result of the unauthorized

2    release of their Private Information;

3    m. Awarding damages to Plaintiff and Class members under the common law theories

4    alleged herein;

5    n.   Awarding punitive and treble damages as provided under relevant laws;

6    o.   For declaratory relief as this Court deems appropriate;

7    p.   Awarding all costs, including experts' fees and attorneys' fees, and the costs of

8    prosecuting this action;

9    q.   For an order awarding pre-judgment and post-judgment interest as prescribed by law;

10   and

11   r.   Providing for other legal and/or equitable relief as is permitted at law and as justice

12   requires.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  September 12, 2008                    TURNER & MAASCH, INC.

By: _____

Mark A. Maasch
Attorneys for Plaintiff, Kim Wickman,
Individually and on Behalf of All
Others Similarly Situated

Of Counsel:

Ben Barnow
BARNOW AND ASSOCIATES, P.C
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
Telephone 312-621-2000
Facsimile 312-641-5504

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 154958 — TC

## September 12, 2008
## 12:19:22

### Civ Fil Non-Pris
USAO #.: 08CV1668
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC41420/BC13748

## Total-> $350.00

FROM: KIM WICKMAN
        VS
        COUNTRY WIDE FINANCIAL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Kim Wickman, Individually and on Behalf of All Others Similarly Situated | COUNTRYWIDE FINANCIAL CORPORATION; et. al. (please see list of DEFENDANTS attached as Exhibit "B")    FILED |

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mark A. Maasch (CSB#120637) of TURNER & MAASCH, INC.
(please see list of Plaintiff ATTORNEYS attached as Exhibit "A")

Attorneys (If Known)

'08 CV 1668 DMS CAB

UNKNOWN

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☒ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | PERSONAL PROPERTY | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 385 Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | Product Liability | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332
Brief description of cause:
Violation of Fair Credit Reporting Act; Negligence, Breach of Contract; Unfair Competition

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE   Margaret M. Morrow

DOCKET NUMBER   CU 08-05416

DATE
09/11/2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #  154458   AMOUNT  $350   APPLYING IFP   JUDGE   MAG. JUDGE

TAR  9/12/08


**EXHIBIT A TO CIVIL CASE COVER SHEET**

COMPLETE LIST OF PLAINTIFF ATTORNEYS

**Attorneys for Plaintiff, Kim Wickman, Individually and on Behalf of All Others Similarly Situated**

1.      Mark A. Maasch (CSB#120637)
        TURNER & MAASCH, INC.
        550 West C Street, Suite 1150
        San Diego, California  92101
        Telephone (619) 237-1212
        Facsimile (619) 237-0325


2.      Of Counsel:
        Ben Barnow
        BARNOW AND ASSOCIATES, P.C
        One North LaSalle Street, Suite 4600
        Chicago, Illinois 60602
        Telephone 312-621-2000
        Facsimile 312-641-5504

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1984.01\b\02

1

Class Action Complaint-

Kim Wickman et. al. v. Countrywide Financial Corp. et. al.

**EXHIBIT B TO CIVIL CASE COVER SHEET**

**COMPLETE LIST OF DEFENDANTS**

1.   COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation;

2.   BANK OF AMERICA CORPORATION, a Delaware corporation;

3.   COUNTRYWIDE BANK, FSB, a Virginia corporation; and

4.   COUNTRYWIDE HOME LOANS, INC., a Delaware corporation,

Law Offices
TURNER & MAASCH, INC.
550 West C Street, Suite 1150
San Diego, California, 92101-3540
TELEPHONE (619) 237-1212; FAX (619) 237-0325

1984.01\b\02

2

Class Action Complaint-

Kim Wickman et. al. v. Countrywide Financial Corp. et. al.